# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Linda Lee Byrnes,
    Petitioner,

v.

Maureen P. Baird,
    Respondent.

No. 3:10cv1627 (SRU)

## ORDER

Linda Byrnes, a federal prisoner who was convicted in the United States District Court for the Western District of Michigan, petitions this court for a writ of habeas pursuant to 28 U.S.C. § 2241. Byrnes is currently incarcerated at FCI Danbury located in the District of Connecticut and challenges her conviction on a number of grounds. She claims that she is actually innocent, that the sentencing court improperly calculated her sentence, and that she is being held in violation of the Constitution and laws of the United States.

Section 2441 provides that federal courts have the power to grant writs of habeas corpus where a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." *Id*. § 2241(c)(3). The Second Circuit limits petitions brought under section 2241 to claims concerning execution of the sentence. *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003). Where a petitioner "challenges the constitutionality of the imposition of [her] sentence rather than the execution of [her] sentence, [her] § 2241 petition should be construed as a motion for relief under [28 U.S.C.] § 2255." *Id.* Section 2241 is available, however, in very limited circumstances for claims that fall within the scope of section 2255. *Id*. at 378, *see also Jimian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001). The exception authorizes a petition under section 2241 that is "within the substantive scope of § 2255" only where relief under section 2255 is unavailable as a procedural matter and "the failure to allow for collateral review would raise

serious constitutional questions." *Poindexter*, 33 F.3d at 378, quoting *Jiminian*, 245 F.3d at 147. Accordingly, because Byrnes's claims concern the imposition of her sentence, she must demonstrate that she is otherwise unable to bring a section 2255 claim and that failure to allow for review under section 2241 would "raise serious constitutional questions."

Byrnes states that the relief she seeks in unavailable under section 2255 because new evidence has only recently brought to light the fact of her actual innocence. Although Byrnes previously filed a section 2255 petition to vacate, set aside or correct her sentence, she is not conclusively barred from pursuing the instant claims in a second or successive section 2255 petition. A petitioner is required to "move in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive section 2255 petition. 28 U.S.C. § 2244(b)(3)(A); *see also Haouari v. United States*, 510 F.3d 350, 351 (2d Cir. 2007). A second or successive section 2255 petition can be certified only if the petitioner demonstrates: (1) newly discovered evidence that, in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Because Byrnes requests relief that concerns the imposition of her sentence and is not, at this time, procedurally foreclosed under section 2255, she may not seek relief under section 2241. I dismiss the present petition *sua sponte* without prejudice to refiling if Byrnes demonstrates that she has sought and failed to obtain leave to file a second or successive section 2255 petition addressing the instant claims. Should Byrnes wish to file a second or successive section 2255 petition she must first seek permission from the Sixth Circuit Court of Appeals.

It is so ordered.

The clerk is directed to close the file.

Dated at Bridgeport, Connecticut, this 5th day of November 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge